# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ROBERT K.,[1] | : | Case No. 3:22-cv-00091 |
| Plaintiff, | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : : : | |
| Defendant. | : | |

## DECISION AND ORDER

Plaintiff filed an application for Supplemental Security Income (SSI) on August 24, 2018. Plaintiff's claim was denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. For the reasons set forth below, this Court REVERSES the Commissioner's decision and REMANDS for further proceedings.

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

**I.     BACKGROUND**

Plaintiff initially filed applications for Disability Insurance Benefits (DIB) and SSI on January 11, 2016. After the claims were denied at the initial and reconsideration levels, an ALJ issued an unfavorable decision on August 23, 2018. (AR, Doc. No. 8-3 at PageID 77-94.)

Plaintiff filed a new SSI application on August 14, 2019 and asserted that that he has been under a disability since August 24, 2018.[2] At that time, he was forty years old. Accordingly, Plaintiff was considered a "younger person" under Social Security regulations. *See* 20 C.F.R. § 416.963(c). Plaintiff has a "high school education and above." *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the Administrative Record ("AR," Doc. No. 8) is summarized in the ALJ's decision (AR, Doc. No. 8-2 at PageID 36-49), Plaintiff's Statement of Errors ("SE," Doc. No. 9), the Commissioner's Memorandum in Opposition ("Mem. In Opp.," Doc. No. 10), and Plaintiff's Reply Memorandum ("Reply," Doc. No. 11). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

---

[2] Plaintiff initially alleged disability beginning January 1, 2013 but subsequently amended the alleged disability onset date to the SSI application date. (AR, Doc. No. 8-5 at PageID 198; Doc. No. 8-2 at PageID 58-59.)  Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. Thus, the relevant period of consideration in this case begins on August 24, 2018. See 20 C.F.R. § 416.335; *Koster v. Comm'r of Soc. Sec.*, 643 F. App'x. 466, 478 (6th Cir. 2016) ("For purposes of SSI, which is not retroactive, the relevant period here is . . . the date [Plaintiff] filed his protective application.").

## II. STANDARD OF REVIEW

The Social Security Administration (SSA) provides SSI to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different

3

conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Thus, the Court may be required to affirm the ALJ's decision even if substantial evidence in the record supports the opposite conclusion. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

### III. FACTS

#### A. The ALJ's Factual Findings

ALJ Christensen was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps

4

set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. The ALJ made the following findings of fact:

> Step 1: Plaintiff has not engaged in substantial gainful activity since August 24, 2018, the application date.
>
> Step 2: He has the severe impairments of degenerative joint disease (osteoarthritis) of the right shoulder, obstructive sleep apnea, bipolar disorder, and attention deficit hyperactivity disorder.
>
> Step 3: He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> Step 4: His residual functional capacity (RFC), or the most he can do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work as defined in 20 C.F.R. § 416.967(b), subject to the following limitations: "No more than occasional stooping or crawling. No climbing of ladders, ropes, or scaffolds. No work around hazards such as unprotected heights or dangerous machinery. No more than occasional use of the right upper extremity for pushing, pulling, and overhead reaching; no more than frequent use of the right upper extremity for reaching in all other directions. [Plaintiff] is limited to performing unskilled, simple, repetitive tasks, without fast-paced production requirements or in jobs that involve strict production quotas. [Plaintiff] is limited to no more than occasional superficial contact, as defined, with supervisors and co-workers, and no contact with the general public. [Plaintiff] can have no close over-the-shoulder supervision, and is limited to jobs that involve very little, if any, change in job duties or work routine from one day to the next."
>
> He is unable to perform any of his past relevant work.
>
> Step 5: Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.

(AR, Doc. No. 8-2 at PageID 39-49.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 49.)

### B. The ALJ's Decision

In the Jurisdiction and Procedural History section, ALJ Christensen explained the impact of ALJ Kenyon's prior unfavorable decision:

> [Plaintiff] previously filed an application for Title II disability insurance benefits and Title XVI supplemental security income in January of 2016. That application was denied at the initial level and at the hearing level in a decision from Administrative Law Judge, Gregory G. Kenyon, dated August 23, 2018. In the previous decision, it was found [Plaintiff] was capable of making successful adjustment to other work that existed in significant numbers in the national economy. *Dennard v. Sec'y of Health and Human Servs.,* 907 F.2d 598 (6th Cir. 1990) and Social Security Acquiescence Ruling (AR) 98-3(6) require the undersigned to adopt the prior decision's findings regarding the demands of [Plaintiff's] past relevant work as well as the finding of [Plaintiff's] date of birth, education, and work experience, so long as there is no new and material evidence related to these findings, nor a change in the law, regulations, or rulings affecting the findings. ***In addition, the Sixth Circuit concluded that an ALJ's residual functional capacity finding as well as any other finding required at a step in the sequential evaluation process may not be changed in a subsequent decision unless new and material evidence or changed circumstances provide a basis for a different finding.*** *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997); (*see also Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990)).

(AR, Doc. No. 8-2 at PageID 37 (emphasis added).) ALJ Christensen subsequently adopted ALJ Kenyon's RFC in full, without any modification. (*Compare* AR, Doc. No. 8-2 at PageID 41-42, *with* AR, Doc. No. 8-3 at PageID 86.)

6

Notably, ALJ Christensen did not simply adopt ALJ Kenyon's prior RFC without conducting any additional analysis. Instead, he summarized the newly submitted medical evidence regarding Plaintiff's mental impairments. (AR, Doc. No. 8-2 at PageID 42-45). He then considered the opinion of the state agency psychological consultants, who had adopted ALJ Kenyon's prior RFC, and explained that he agreed with them because the new evidence did not change the prior ALJ decision:

> The opinion of the state agency psychological consultant, Todd Finnerty, Psy.D., and David Dietz, Ph.D., adopted the prior [ALJ] decision . . . . The opinion of Dr. Finnerty and Dr. Dietz is persuasive, because there is no evidence in the medical records [that] substantiate the [Plaintiff] would require additional limitations from the previous decision. As a result, the undersigned agrees with Dr. Finnerty and Dr. Dietz, and has also adopted the prior Administrative Law Judge decision.

(*Id*. at PageID 45.) Specifically, ALJ Christensen explained that Plaintiff "appeared to be doing well with his psychotherapy and psychiatric medication regimen," and also noted that Plaintiff had not submitted an opinion from a mental health provider. (*Id*.)

Next, ALJ Christensen summarized the medical evidence relating to Plaintiff's physical impairments. (AR, Doc. No. 8-2 at PageID 45-46.) He agreed with the opinion of the State agency medical consultants, who had "adopted the prior [ALJ] decision":

> The opinion of Dr. Lehv and Dr. Torello is persuasive, because their opinion is consistent with the extensive evidence received prior and subsequently to that determination. As previously stated, [Plaintiff] treated for a right shoulder tear, which required surgical intervention in 2018 and obstructive sleep apnea, which he [sic] only required conservative treatment options. Moreover, following the right shoulder surgery, [Plaintiff] only underwent conservative treatment options, and was no longer making complaints of right shoulder pain after April of 2019. Therefore, there was no evidence in the record to suggest [he] was not capable of work at the light exertional level along with the above stated non-exertional limitations.

7

(*Id*. at PageID 47.) The ALJ also noted that Plaintiff had not submitted an opinion from a medical provider that would support imposing greater physical restrictions. (*Id*.)

IV. **LAW AND ANALYSIS**

Plaintiff asserts just one error: "[T]he ALJ reversibly erred by using the wrong legal standard and by relying on flawed opinion evidence, thus creating an unwarranted additional procedural burden for Plaintiff to overcome in addition to violating the statutory framework of the Social Security Act." (SE, Doc. No. 9 at PageID 1223.) Plaintiff argues that although ALJ Christensen reviewed the newly submitted evidence, he improperly "did so against the backdrop of ALJ Kenyon's prior findings, framing his review of the evidence as a question of whether it supported a departure from ALJ Kenyon's RFC instead of as a question of what RFC the new evidence independently supported." (*Id*. at PageID 1227-29.) Plaintiff further argues that the ALJ erred by uncritically adopting the opinions of non-examining state agency psychologists and physicians who, themselves, adopted ALJ Kenyon's decision. (*Id*. at PageID 1229-30.)

For the reasons discussed below, Plaintiff's arguments are well-taken and the ALJ's decision shall be reversed.

A. **Applicable Law**

Until recently, the leading Sixth Circuit case on the application of res judicata to claims for Social Security benefits was *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997). The *Drummond* court broadly held that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* at

8

842 (citations omitted). The SSA issued an Acquiescence Ruling that applies the *Drummond* holding to all administrative proceedings in the Sixth Circuit:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim . . . unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or ruling affecting the finding or the method for arriving at the finding.

SSAR 98-4(6), 63 Fed. Reg. 29,771, 29,773, 1998 WL 283902, 1998 SSR LEXIS 5, at *3 (June 1, 1998). ALJ Christensen cited and relied upon this SSAR in his decision.

In 2018, however, the Sixth Circuit limited the scope of *Drummond*. In *Earley v. Commissioner of Social Security,* 893 F.3d 929 (6th Cir. 2018), the court explained that "unusual facts" in *Drummond* had "led to some overstatement" about res judicata. *Id.* at 933. The court acknowledged that res judicata only precludes bringing the same claim again—and further acknowledged that a claim of disability during a later time period is different from a claim of disability during an earlier time period. *Id.* The Sixth Circuit reasoned that "human health is rarely static. . . . Sometimes we become sick and sometimes we become better as time passes." *Id.* Thus, "[a]ny earlier proceeding that found or rejected the onset of a disability could rarely, if ever, have 'actually litigated and resolved' whether a person was disabled at some later date." *Id.*

Clarifying its standard in *Drummond*, the *Earley* court held that "[a]n individual may file a second application—for a new period of time—for all manner of reasons and obtain independent review of it so long as the claimant presents evidence of a change in condition or satisfies a new regulatory threshold." *Earley*, 893 F.3d at 932. The court

9

explained that although "an applicant remains free to bring a second application that introduces no new evidence or very little new evidence after a failed application. . . . she should not have high expectations about success" because "[w]hat's past likely will be precedent in that setting." *Id*. at 933-34. Cautioning that "[f]resh review is not blind review," the Sixth Circuit held that "it is fair for an [ALJ] to take the view that, ***absent new and additional evidence, the first [ALJ's] findings are a legitimate, albeit not binding consideration***[.]" *Id.* at 933-34 (emphasis added).

Therefore, *Earley* held that an ALJ who adjudicates a subsequent application for benefits for a later time period should conduct a "fresh review" and may[3] consider, but will not be bound by, a prior ALJ's decision to deny benefits for an earlier time period. The question that *Earley* did not address, and that district courts have grappled with, is whether ALJs may ***presume*** that a decision that a claimant was not disabled during an earlier time period remains true for later time periods—and simply analyze whether the newly submitted evidence or a new regulatory threshold rebuts that presumption.

In accordance with the decisions of other judges in this district, the undersigned concludes that the "fresh review" mandated by *Earley* does not permit ALJs to presume that the prior denial of a disability claim will dictate the outcome of later applications for benefits. *E.g., Amber G. v. Comm'r of Soc. Sec.*, No. 3:23-cv-41, 2023 U.S. Dist. LEXIS 146969, *11 (S.D. Ohio Aug. 21, 2023) (Vascura, M.J.); *Nadia A.T. v. Comm'r of Soc.*

---

[3] Although *Earley* does not require ALJs to consider prior ALJ decisions, district courts within the Sixth Circuit "have consistently and repeatedly remanded cases where an ALJ failed to acknowledge or discuss a prior disability determination." *Showman v. Berryhill*, No. 1:17-cv-02017, 2018 U.S. Dist. LEXIS 144461, *27 (N.D. Ohio Aug. 9, 2018).

10

*Sec.*, No. 3:22-cv-12, 2023 U.S. Dist. LEXIS 39397, *10-12 (S.D. Ohio Mar. 7, 2023) (Silvain, M.J.); *Maynard v. Comm'r of Soc. Sec.*, No. 2:18-cv-959, 2019 U.S. Dist. LEXIS 124239, *16-19 (S.D. Ohio July 25, 2019) (Jolson, M.J.).

A presumption is "[a] legal inference or assumption that a fact exists because of the known or proven existence of some other fact or group of facts." Black's Law Dictionary (11th ed. 2019). Although the Sixth Circuit anticipated that ALJs would consider prior unfavorable decisions—and predicted that "[w]hat's past likely will be precedent" for claimants who do not offer new evidence to support later applications—it did not direct ALJs to assume that if benefits were denied in the past, they will also be denied in the future. *Earley*, 893 F.3d at 933-34. To the contrary, because "human health is rarely static," the Sixth Circuit held that a disability application for a later time period constitutes a different claim (and, therefore, res judicata does not apply). *Id*. at 933. The Sixth Circuit's reasoning—that "sometimes we become sick and sometimes we become better" (*id*.)—confirms that ALJs should not presume that the denial of a prior application means that later applications should also be denied.

Thus, this Court holds that although ALJs may (and should) consider a prior ALJ decision, they may not use that prior decision as a starting point for their analysis or otherwise presume that it will dictate the outcome of the pending application. *See, e.g., Ferrell v. Berryhill*, No. 1:16-CV-00050, 2019 WL 2077501, at *5 (E.D. Tenn. May 10, 2019) ("The point of *Earley*, in this Court's opinion, is that regardless of her chances of success, an applicant should have the opportunity for a full hearing, with no presumptions applied, when the claim covers a new period of time not addressed in the prior hearing.");

11

*Dunn v. Comm'r of Soc. Sec.*, No. 1:17-CV-634, 2018 WL 4574831, at *3 (W.D. Mich. Sept. 25, 2018) ("In performing this analysis, ALJ Jones' decision was essentially a review of ALJ Moscow Michaelson's RFC findings . . . rather than a 'fresh review' of plaintiff's 'new application for a new period of time.'"); *Gale v. Comm'r of Soc. Sec.*, No. 1:18-CV-859, 2019 WL 8016516, at *5 (W.D. Mich. Apr. 17, 2019), *report and recommendation adopted*, No. 1:18-CV-859, 2020 WL 871201 (W.D. Mich. Feb. 21, 2020) ("In sum, *Earley* stands for the proposition that when an ALJ evaluates a subsequent application for benefits, covering a distinct period of time, the ALJ can properly consider a previous ALJ's RFC assessment and errs only when he considers the previous RFC a mandatory starting point for the analysis."); *Dilauro v. Comm'r of Soc. Sec.*, No. 5:19 CV 2691, 2020 WL 9259708, at *10 (N.D. Ohio Nov. 19, 2020), *report and recommendation adopted*, No. 5:19-CV-2691, 2021 WL 1175415 (N.D. Ohio Mar. 29, 2021) (finding that the ALJ erred by presuming that the prior RFC remained accurate and reviewing the new medical evidence from that perspective).

    **B.**    **The ALJ Did Not Conduct The "Fresh Review" Required By *Earley***

Plaintiff's application covers a period of time—from August 24, 2018 through March 3, 2021—that the prior ALJ did not consider. Plaintiff submitted new evidence about his impairments during this period. The ALJ reviewed and provided a detailed summary of this new evidence. (*See* AR, Doc. No. 8-2 at PageID 39-47.) Nevertheless, Plaintiff asserts that the ALJ applied the wrong legal standard when he considered the new evidence submitted for this time period, and thus deprived Plaintiff of the "fresh

12

look" required by *Earley*. (*See* SE, Doc. No. 9 at PageID 1227-30; Reply, Doc. No. 9 at PageID 1250-53.)

Plaintiff's assertion is well-taken. ALJ Christensen did not simply view ALJ Kenyon's prior decision as a "legitimate, albeit nonbinding consideration." *Earley*, 893 F.3d at 933. Rather, he used the prior ALJ decision as the starting point for his own analysis. For example, the ALJ found the opinions of the state agency psychological consultants persuasive because "no evidence in the medical records substantiate [sic] [Plaintiff] would require additional limitations from the previous decision." (AR, Doc. No. 8-2 at PageID 45.) The ALJ's reasoning shows that he did not give Plaintiff the benefit of a fresh review, without the application of any presumption. Since the ALJ applied the incorrect legal standard, remand is warranted. *Earley*, 893 F.3d at 934.

## C. The ALJ's Error Is Not Harmless

Defendant argues that even if the ALJ applied the wrong legal standard, the error is harmless because substantial evidence supports the ALJ's conclusions. (Mem. in Opp., Doc. No. 10 at PageID 1240-48.) But an error of law requires reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018). In *Earley*, for example, the court did not consider whether the ALJ's failure to apply the proper legal standard was harmless because the outcome was supported by substantial evidence. Instead, the Sixth Circuit held that a remand was required. 893 F.3d at 934 ("The ALJ should have another opportunity to review the application under the correct standard."). Here, too, the appropriate remedy is a remand.

VI.     REMAND

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should further develop the record as necessary and evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law, particularly under the standard in *Earley*. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for SSI should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. No. 9) is GRANTED;

2. The Court REVERSES the Commissioner's non-disability determination;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5. This case is terminated on the Court's docket.

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge